My name is Stephen Yagman. Good morning, Judge O'Scanlan, Judge Nelson, and Judge Jones. The points I want to stress, and I've made all the points I wish to make completely in the briefs, are, first, that there were two different prosecutions here. Second, that the malicious prosecution claims should be analyzed under both the Fourth and as to one of them, there was a seizure, and as to the other, which is to be analyzed under the Fourteenth Amendment, there was retaliation alleged. And third, that the burden of proof properly should be on the defense with respect to the warrantless arrest, because there was no warrant. I have nothing to add to that, and if there aren't any questions, I'll reserve all my time. No questions at the moment, counsel. We'll hear from the other side. Good morning, Your Honors. Blythe Bock on behalf of the defendants and appellees. I would like to just submit that I believe that the response to all of the points just raised by counsel Could you speak a little louder, please? Oh, excuse me. I would like to submit that all of the points that were just raised by counsel are addressed in my brief, and those points essentially can be distilled down to one issue overriding everything in this case, which is probable cause. And I believe that the record is pretty clear that our officer's declarations, along with the supplemental information provided in the other declarations and the supplemental evidence even presented by the plaintiff himself in the summary judgment proceedings, all support the finding of probable cause. There's a moment in this case that I think really is the easiest moment to analyze, and that is the moment when the officers arrived at the appellant's house, Anthony Hart's house. And I think that we just need to look at that moment and figure out what facts have been established by then and do those facts amount to probable cause. Excuse me, counsel. Are you really content that Hart joined them outside his house of his own volition? If we look at the record, the record is clear that at best the officers asked him to come outside of his house. I know that in the proceedings below, Hart argued, or at least his attorney argued, that he had been coerced out of his house. However, there's just simply no evidence whatsoever to support that claim. So looking at the summary judgment record, which is what we have here, there's simply no evidence to show anything other than he was asked to come out of his house. So looking at that, we just need to look objectively what facts have the officers established. And I believe that between the declarations and, again, the supplementary evidence, there's really abundant facts to show probable cause. This court, just the most recent decree from this very court was on Monday in the Tatum case, and I believe the Tatum case, that came down on Monday, I believe that the language there was probable cause is essentially an issue of whether or not there was a fair probability at the time that the officers believed that a crime had been committed. Counsel, I don't see a 28-J letter on that. Did you submit one? I'm sorry. There's no 28-J. The case just came down on Monday. All right. Would you, before leaving the court, would you please ask the deputy clerk for some gum sheets to bring that case to our attention? Absolutely. And serve your opponent, please. I will. And other than that, I would submit on the briefs that we presented and just ask the court if you have any questions. No further questions. Thank you. Mr. Yageman, anything further? Just this, which won't take up any part of my 19 minutes that's left. As I argued in the brief and with respect to which I submitted a 28-J letter, I believe, on Monday. I think we have yours. The citing to Moreno v. Baca? Yes. So the court knows, and knew before Moreno, I think, that any information gotten post-arrest can't be used with respect to making the determination of probable cause or not. There was no probable cause at the moment of the arrest. I can't address the Tayden case because, although I usually read the Ninth Circuit cases on the evening they come out, I've been in a murder trial down in Riverside and didn't have access. I think we're all in the dark on that one. We understand. And if appropriate, I'll submit a response when I've read the case. Last, I think it's an issue of fact that's in dispute with respect to whether or not Mr. Hart voluntarily or not came out of his home. There's a case in the Ninth Circuit, I think it's the Al-Azawi case, that was decided at the district court level by Judge Laughlin Waters back in 1985, that sets forth the factors to be used with respect to making a determination whether or not when there's a show of force by the police or a show of authority, someone legitimately believes that she or he is required to do what the police instruct be done. With that, I have nothing to add. Thank you, Counsel. The case just argued will be submitted for decision, and the Court will adjourn.
judges: Dw Nelson, O'Scannlain